NUMBERS
13-11-00096-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

GEORGE CANO,                                                                           Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                 Appellee.

____________________________________________________________

 

                           On appeal
from the 105th District Court 

of Nueces County, Texas.

____________________________________________________________

 

                           MEMORANDUM OPINION

 

                     Before
Justices Benavides, Vela, and Perkes

Memorandum Opinion Per Curiam

 

Appellant, George
Cano, pro se, attempted to perfect an appeal from a conviction for the second
degree felony offense of burglary of a building in trial court cause number 91-CR-299-D. 
We dismiss the appeal for want of jurisdiction.








The
judgment in this cause was entered in 1991.  Appellant filed a pro se notice of
appeal on February 22, 2011.  That same day, the Clerk of this Court notified
appellant that it appeared that the appeal was not timely perfected.  Appellant
was advised that the appeal would be dismissed if the defect was not corrected
within ten days from the date of receipt of the Court=s directive.  Appellant has not responded to the Court’s directive.      

This
Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996).  Texas Rule of Appellate Procedure 26.2 provides that an appeal is
perfected when notice of appeal is filed within thirty days after the day
sentence is imposed or suspended in open court unless a motion for new trial is
timely filed.  Tex. R. App. P.
26.2(a)(1).  The time within which to file the notice may be enlarged if,
within fifteen days after the deadline for filing the notice, the party files
the notice of appeal and a motion complying with Rule 10.5(b) of the Texas
Rules of Appellate Procedure.  See id. 26.3. Absent a timely filed
notice of appeal, a court of appeals does not obtain jurisdiction to address
the merits of the appeal in a criminal case and can take no action other than
to dismiss the appeal for want of jurisdiction.  Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998).  

Appellant
may be entitled to an out‑of‑time appeal by filing a post‑conviction
writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is beyond the jurisdiction of this
Court.  See Tex. Code Crim. Proc.
Ann. art. 11.07, ' 3(a) (West Supp. 2010); see also Ex parte Garcia,
988 S.W.2d 240 (Tex. Crim. App. 1999); Ater v. Eighth Court of Appeals,
802 S.W.2d 241 (Tex. Crim. App. 1991).  




 

This appeal
is DISMISSED FOR WANT OF JURISDICTION.            

                                                                                                PER
CURIAM

 

Do not publish.  

Tex. R. App. P. 47.2(b).

 

Delivered and filed the

28th day of July, 2011.